IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER BURTON, # 16027515, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:17-CV-1624-G-BH |
| ) | |
| VERNON STATE HOSPITAL, ) | |
| ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for screening. Before the Court is the plaintiff's *Motion for Preliminary Injunction*, received June 20, 2017 (doc. 3). Based on the relevant filings and applicable law, the motion should be **DENIED**, and the case should be **DISMISSED** for lack of subject matter jurisdiction.

**I.  BACKGROUND**

Christopher Burton (Plaintiff), an inmate at the Dallas County Jail at the time he filed this action against Vernon State Hospital, seeks to enjoin the forced administration of medication to him based on his religious beliefs. (*See* doc. 3 at 1.)[1] He claims he was sentenced to Vernon State Hospital after being found not guilty of an offense by reason of insanity. (*Id.*)[2] Because he is a Christian Scientist who does not believe in taking medication, he contends, a court order for forced medication violates his First Amendment rights. (*Id.*) He seeks to enjoin the Vernon

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff was charged with aggravated assault of a public servant and with evading arrest or detention with a vehicle in the 195th Judicial District Court of Dallas County, Texas. *See State v. Burton,* Nos. F14-32161, F14-32162 (www.dallascounty.org (search for plaintiff)). On February 2, 2017, he was found not guilty in both cases by reason of insanity and committed to the maximum security unit of the North Texas State Hospital, Vernon Campus, for an evaluation of his mental condition. On November 9, 2017, he was committed to Vernon for in-patient treatment for a period not to exceed 181 days.

State Hospital, where he is currently housed, from administering any medication to him in accordance with any court order. (*Id.* at 2.) Because he alleges a violation of his constitutional rights, his claim appears to arise under 42 U.S.C. § 1983. No process has been issued.

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. Because he is a prisoner seeking redress from a governmental entity, his complaint is subject to preliminary screening under to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## III. PRELIMINARY INJUNCTION

Plaintiff seeks a preliminary injunction to prohibit Vernon State Hospital from forcibly administering medication to him in violation of his religious beliefs. (*See* doc. 3 at 1.)

A.    **Legal Standard**

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Although a court may issue a temporary restraining order (TRO) without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff has not shown that he has given notice to the defendants of his request for injunctive relief. Neither has he satisfied the requirements for a TRO under Rule 65(b) by submitting an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before the defendants can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required. His motion is subject to denial for this reason alone.

In addition, Plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the

injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).[3]

As explained below, Plaintiff has neither alleged nor shown either a substantial likelihood that he will prevail on the merits against this particular defendant.

**B.**     **Likelihood of Success**

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–76 (2000), and a State may waive its immunity by consenting to suit, *AT&T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), Texas has not

---

[3] In the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015).

The Vernon State Hospital, which is now referred to as the North Texas State Hospital, is a division of the Texas Department of State Health Services. *May v. N. Tex. State Hosp.*, 351 F. App'x 879, 880 (5th Cir. 2009), citing Tex. Health & Safety Code § 532.001(b)(8); *White v. U.S.*, No. A-11-CA-814-SS, 2011 WL 4807944, at *2 (W.D. Tex. Oct. 11, 2011) (recommendation of Mag. J.). "It is therefore a state agency for purposes of Eleventh Amendment immunity." *See id.,* citing *Sessions v. Rusk State Hospital*, 648 F.2d 1066, 1069 (5th Cir.1981) (holding that state hospital was a state agency for Eleventh Amendment purposes). Plaintiff's claims against Vernon State Hospital are barred by Eleventh Amendment immunity, and the Court has no jurisdiction over them.[4]

## IV. CONCLUSION

Plaintiff's motion for injunctive relief should be **DENIED**, and this action should be **DISMISSED** for lack of subject matter jurisdiction.

**SO RECOMMENDED this 7th day of February, 2018.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] The Supreme Court has created an exception to Eleventh Amendment immunity for "suits for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123, 155–56 (1908)). The *Ex Parte Young* exception "applies to suits that allege a violation of federal law that are 'brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect.'" *May*, 351 F. App'x at 880 (citing *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998)). Because Plaintiff has not named any individuals in their official capacities as defendants, the exception does not apply in this case. *See id.*

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE